**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LUIS A. DUTTON-MYRIE,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **CIVIL NO. 3:CV-10-0354** |
| **v.** | : | |
| | : | **(Judge Caputo)** |
| **ATTORNEY GENERAL THO (SIC)** | : | |
| **CORBETT,** *et al.,* | : | |
| | : | |
| **Defendants** | : | |

**M E M O R A N D U M**

I.      Introduction

Plaintiff, Luis A. Dutton-Myrie, is a pre-trial detainee presently housed at the

Columbia County Prison, in Bloomsburg, Pennsylvania.[1]  He files this *pro se* and *in*

*forma pauperis* civil rights complaint pursuant to 42 U.S.C § 1983 against

Pennsylvania Attorney General THO (sic) Corbett, the Emporium Borough Police

Department, Chief Rufus Jones, and Officer Kenneth Kiehlmeier.  Mr. Dutton-Myrie

also names as a defendant, Lucas Hostetlar, a former prison acquaintance, who

served as a confidential informant (CI) for the named law enforcement defendants.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §

1915(e)(2), to determine whether it should be dismissed as frivolous or malicious,

for failure to state a claim upon which relief may be granted, or because it seeks

---

[1]  Mr. Dutton-Myrie initiated this action in February 2010 while housed at the Lackawanna
County Prison in Scranton, Pennsylvania.  On March 10, 2010, Plaintiff was transferred from the
Lackawanna County Prison to the Columbia County Prison.

monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court shall grant Mr. Dutton-Myrie's motion for leave to proceed *in forma pauperis* and dismiss the action as barred by the *Younger* doctrine and the applicable statute of limitations.

II. *Standard of Review*

Under 28 U.S.C. § 1915(e)(2)(B)(ii), this Court must dismiss a case filed *in forma pauperis* if we determine that it "fails to state a claim on which relief may be granted." In applying this statutory requirement here, the court relies on the standard employed to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). That Rule authorizes dismissal of a complaint on basically the same ground, "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). While detailed factual allegations are not required, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d. 929 (2007), a complaint has to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. 1955 at 1974. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, __ U.S. __, __, 129 S.Ct.

1937, 1949 (2009)(quoting *Twombly,* 550 U.S. at 556, 127 S.Ct. at 1965.)  "[L]abels and conclusions" are not enough, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Id.,* 127 S.Ct. at 1965 (quoted case omitted).

III.    Background

The following factual allegations are taken from the Complaint, and the documents attached to it, and are accepted for the purposes of this screening only. The Court has made no findings as to the veracity of Mr. Dutton-Myrie's allegations.

Sometime in mid-2006, Mr. Dutton-Myrie lent a former prison acquaintance, Lucas Hostetlar, $4,000.  (Doc. 1, Compl. at ¶ 14.)  In September 2007, Hostetlar became a CI for the Bureau of Narcotics Investigation (BNI).  *Id.* at ¶ 15.  Hostetlar advised the Attorney General Corbett and Emporium Police Chief Jones that he had been obtaining cocaine from Mr. Dutton-Myrie since May 2006.  *Id.* at ¶ 16.

On October 13, 2007, CI Hostetlar contacted Plaintiff to repay the $4,000 loan.  *Id.* at ¶ 17.  The two met in a Sheetz parking lot in Dubois, Pennsylvania.  *Id.* at ¶ 18.  Unbeknownst to Mr. Dutton-Myrie, CI Hostetlar was wearing a body wire that day and recorded their conversation.  *Id.* at ¶ 19.  The law enforcement defendants had planned the October 2007 meeting to be a "buy and bust" involving $4,000 of marked money.  *Id.* at ¶ 20.  However, while money was exchanged, no drugs were obtained during the encounter.  *Id.*  at ¶¶ 19 - 20.

On November 7, 2007, Mr. Dutton-Myrie, a native of Panama and a commercial tractor trailer driver, parked his rig at the Pilot truck stop in Dubois, Pennsylvania. *Id*. at ¶ 23. Defendant law enforcement agents surrounded Plaintiff's truck and shouted for him to open his cab door. *Id*. While attempting to open his door, police officers shattered the driver's side window and pulled Mr. Dutton-Myrie out of the cab through the window. *Id*. Plaintiff plummeted to the ground smashing his eyeglasses, causing glass fragments to enter his eyes. *Id*. Mr. Dutton-Myrie was then handcuffed, searched and placed in an awaiting patrol car. An unidentified officer then searched Mr. Dutton-Myrie's entire tractor trailer. *Id.*

Plaintiff was then taken to the Sandy Township Police Department. *Id*. at ¶ 24. At his preliminary hearing Officer Kiehlmeier testified that although Mr. Dutton-Myrie was searched prior to being transported to the Sandy Township Police Department he observed Plaintiff, via closed circuit television, "pull something out of the front of [his pants] that was alleged to be a small package with eleven (11) other smaller packages therein of what appeared to be rock cocaine." *Id*. at ¶ 25 (internal punctuation omitted).

At the time of his arrest, Mr. Dutton-Myrie's face was "seriously cut up when he was pulled from the window and slammed face down into the ground; his face was thus cut and bleeding and he felt tiny pieces of glass [in] ... his eyes." *Id*. at ¶ 26. Upon receiving Mr. Dutton-Myrie's medical complaints, an ambulance was called. The ambulance personnel advised Chief Jones and others that Mr. Dutton-Myrie needed to go to the hospital for further proper treatment of his eyes. *Id*. at ¶

27.  Defendant Jones and others "denied said request" even though Plaintiff still complained of ocular discomfort.  *Id*. at ¶ 28.  Law enforcement defendants also refused to take pictures of his injuries.  *Id*.

In the meantime, Defendant Jones contacted the St. Mary's Police Department and directed them to obtain permission from the mother of Plaintiff's son to search Mr. Dutton-Myrie's house for narcotics.  *Id.* at ¶ 29.  Unidentified police officials threatened the woman with the loss of the custody of her child if she did not sign the authorization to search Plaintiff's home even though she did not reside there and had no legal right to the premises.  *Id*. at ¶ 30.  A warrantless search of Mr. Dutton-Myrie home, tractor trailer and personal vehicle ensued yielding a number of items including, a "personal telephone book, various business trip documents, business checkbooks and miscellaneous personal items."  *Id*. at ¶ 31.

Eventually Mr. Dutton-Myrie was placed in the York County Prison by the United States Bureau of Immigration and Customs Enforcement (ICE).  He was then transferred to the Lackawanna County Prison to face federal immigration charges.[2] *Id*. at ¶ 32.

---

[2]  On November 7, 2007, Mr. Dutton-Myrie was indicted for illegal re-entry by a previously deported alien convicted of an aggravated felony.  On December 21, 2009, this Court denied Plaintiff's motion to dismiss the indictment.  *See USA v. Dutton-Myrie*, 3:07-CR-0445 (M.D. Pa. Dec. 21, 2009)(slip op.)  Mr. Dutton-Myrie currently has an appeal of that decision pending before the Third Circuit Court of Appeals.

In August 2008, Defendant Jones transported Mr. Dutton-Myrie to Cameron County where he was formally charged with a series of drug charges.[3] After reviewing pre-trial criminal discovery, Mr. Dutton-Myrie learned that defendants Jones and Hostetlar had testified before a grand jury that a controlled drug purchase had occurred on October 13, 2007, when no such deal occurred. *Id.* at 34. Mr. Dutton-Myrie alleges defendants conspired to willfully lie before the grand jury. *Id.* at ¶¶ 36 - 38.

Next, during the course of a criminal suppression hearing Mr. Dutton-Myrie contends defendants offered conflicting testimony as to the events that took place on October 13, 2007. *Id*. at ¶¶ 38 - 39. Plaintiff also accuses defendants of falsifying the November 7, 2007, search inventory. *Id*. at ¶ 40.

The remainder of Luis A. Dutton-Myrie's Complaint outlines several reports and portions of his criminal proceedings where he alleges defendants willfully and wantonly lied. *See Id*. at ¶¶ 41 - 42.

From the facts alleged in the Complaint, Mr. Dutton-Myrie asserts the following claims against the defendants: (1) they "caused false charges to be brought against" him; (2) denied him equal protection of the laws and due process; (3) unlawfully searched his tractor-trailer, personal vehicle and residence; (4) improperly seized his property without just compensation; (5) used excessive force

---

[3] The Court takes judicial notice of Court of Common Pleas Cameron County docket sheet in the following matter: *Commonwealth v. Dutton*, No. CP-12-CR-0000077-2008, which is available through Pennsylvania's Unified Judicial Docket System docket research at: http://ujsportal.pacourts.us/. The docket in that case remains active. On March 22, 2010, the trial court granted Mr. Dutton-Myrie's defense counsel to withdraw, continued jury selection and appointed another counsel to represent him. Clearly, the enumerated criminal charges lodged in that case against Mr. Dutton-Myrie are unresolved.

against him when extracting him from his truck; (6) were deliberately indifferent to his serious medical needs when they denied him treatment for his injuries sustained as a result of his arrest; (7) illegally conspired against him; and (8) committed state torts of malicious prosecution, false arrest, false imprisonment, and conspiracy.

IV.     Discussion

A.      Dismissal of Claims of warrantless search and
        conspiracy.

As a result of the described above, Mr. Dutton-Myrie was charged with various drug charges.  *See Commonwealth v. Dutton*, No. CP-12-CR-0000077-2008 (docket sheet), *supra*.  Mr. Dutton-Myrie asks this court to declare that the defendants actions "violated [his] rights under the Constitution and the laws of the United States" and to award him monetary compensation for these violations.  *See* Doc. 1 at ¶ 71.  With respect to his claims of unlawful search and conspiracy, as Mr. Dutton-Myrie seeks declaratory relief as to these claims, any favorable result in this action as to them would likely interfere in his ongoing criminal proceedings.  In *Younger v. Harris*, the Supreme Court of the United States held that a federal court should abstain from enjoining or interfering with an ongoing criminal prosecutions.  *See Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).  Federal courts ordinarily must refrain from deciding the merits of a case when three conditions are met:  "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims."

-7-

*Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010). As a threshold condition to the above requirements, "*Younger* applies only when the relief the plaintiff seeks in federal court would interfere with the ongoing state judicial proceeding." *Grimm v. Borough of Norristown*, 226 F.Supp.2d 606 (E.D. Pa. 2002). Where the "federal proceedings are parallel but do not interfere with the state proceedings, the principles of comity underlying *Younger* abstention are not implicated." *Gwynedd Properties, Inc. v. Lower Gwynedd Twp.*, 970 F.2d 1195, 1201 (3d Cir. 1992); *see also Marks v. Stinson*, 19 F.3d 873, 882 (3d Cir. 1994)("a federal court will only consider *Younger* abstention when the requested equitable relief would constitute federal interference in state judicial or quasi-judicial proceedings."). Applying the principles of *Younger* to the present case, the Court finds and rules that all three prongs of *Younger* are met.

First, there are is an ongoing criminal prosecution against Mr. Dutton-Myrie. Second, that state proceeding implicates the Commonwealth of Pennsylvania's important interest in enforcing its own criminal laws. Third and finally, Mr. Dutton-Myrie will have adequate opportunity for judicial review of his federal constitutional claims in the state criminal court. Plaintiff can challenge the validity of the search of his truck, personal vehicle and home in his state criminal proceedings. Likewise, if convicted, he may challenge his conviction in federal court via a petition of habeas corpus after exhausting his state remedies. *See Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Accordingly, in finding the application of *Younger* to this proceeding, the Court while making no determination as to the

merits of Mr. Dutton-Myrie's claims at this time, finds that entertaining such claims during the pendency of his ongoing criminal proceedings would likely interfere with those proceedings. Thus, the claims will be dismissed without prejudice.

B.    Dismissal of Malicious Prosecution Claims.

To the extent Mr. Dutton-Myrie brings claims for malicious prosecution against the defendants, such claims are premature and therefore are also subject to dismissal. In Pennsylvania, a claim of malicious prosecution requires a showing that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding was resolved in the plaintiff's favor; (3) the proceeding was initiated without probable cause, and (4) the defendant acted with malice or for the purpose other than the pursuit of justice. *See Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009). To prove a malicious prosecution claim under § 1983, the plaintiff must also demonstrate that he suffered a deprivation consistent with the concept of seizure as a consequence of a legal proceeding. *Id.*

In the instant case, it is clear from a review of the docket in Mr. Dutton-Myrie's criminal case that the underlying criminal prosecution has not yet terminated, let alone in Plaintiff's favor. Accordingly, he cannot yet state a claim for malicious prosecution. Such a claim is therefore subject to dismissal without prejudice.

C.      Plaintiff's false arrest, equal protection, excessive force,
        and denial medical care claims are time barred.

The accrual date of a § 1983 claim is governed by federal law.  *See Wallace v. Kato*, 549 U.S. 384, 388, 127 S.Ct. 1091, 1097, 166 L.Ed.2d 973 (2007). Generally, accrual occurs "when the plaintiff has a complete and present cause or action," or, in other words, "when the plaintiff can file suit and obtain relief." *Id*.  As pointed out in the Court's earlier discussions, sometimes *Younger, supra*, or *Heck, supra*, may determine when a § 1983 claim is actionable.  In *Wallace*, the United States Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process." *Wallace*, 549 U.S. at 397, 127 S.Ct. at 1100. The Supreme Court instructed that where, as here, "a plaintiff files a false arrest claim before he has been convicted ... it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id*. at 393-94, 127 S.Ct. at 1098.  After careful consideration, the Court finds that the principles established in *Wallace* do not require us to stay Mr. Dutton-Myrie's false arrest claim until the resolution of his criminal proceedings as the statute of limitations on such a claim has expired.

All of Plaintiff's civil-rights claims are brought pursuant to 42 U.S.C. § 1983 and are governed by a two-year statute of limitations.  *See Lake v. Arnold*, 232 F.3d 360, 368 (3d Cir. 2000); *Garvin v. City of Philadelphia*, 354 F.3d 215, 220 (3d Cir. 2003).  The statute of limitations "begins to run from the time when the plaintiff

knows or has reason to know of the injury which is the basis of the Section 1983 action." *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991)(citations omitted). Mr. Dutton-Myrie was arrested and detained on November 7, 2007. He filed the present action on February 18, 2010. Under *Wallace*, Plaintiff's limitations period expired on or about November 9, 2009. Accordingly, Mr. Dutton-Myrie's claim of false arrest were filed after the limitations period expired.

Likewise, Mr. Dutton-Myrie's equal protection, excessive use of force, and deliberate indifference to a serious medical need claims are also time barred. The limitations period for these claims began to run on they day of his arrest, the day he knew excessive force had been used against him and knew he was denied medical care. *See Large v. Co. of Montgomery*, 307 F. App'x 606, 607 (3d Cir. 2009)(per curiam)(nonprecedential)(citing *Gentry v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991))(excessive force claims accrue when the alleged use of force incident occurred); *see also Hughes v. Knieblher*, 341 F. App'x 749, 751-52 (3d Cir. 2009)(claim of deliberate indifference to serious medical needs accrues when plaintiff knows of injury). For these reasons, the Court will not stay Plaintiff's claims of false arrest, excessive use of force, or deliberate indifference to a serious medical needs as these claims are time barred.

An appropriate order will issue.

/s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**

**Date: April 14th, 2010**

-11-

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LUIS A. DUTTON-MYRIE,                   :
                                        :
    **Plaintiff**       :
                                        :    **CIVIL NO. 3:CV-10-0354**
    **v.**              :
                                        :    **(Judge Caputo)**
ATTORNEY GENERAL THO (SIC)              :
CORBETT, *et al.*,                      :
                                        :
    **Defendants**      :

## O R D E R

**AND NOW**, this **14th** day of **APRIL, 2010**, it is ordered that:

1.    Luis Dutton-Myrie's Motions to Proceed *In Forma Pauperis* (docs. 2 and 6) shall be granted.

2.    Pursuant to 28 U.S.C. § 1915(e)(2) Luis Dutton-Myrie's claims of false arrest, excessive use of force, and deliberate indifference to a serious medical need are dismissed with prejudice as time barred.

3.    The remainder of the Complaint is dismissed without prejudice.

              **/s/ A. Richard Caputo**
              **A. RICHARD CAPUTO**
              **United States District Judge**